FRIEDLANDER, Judge,
concurring.
[29] I concur with my colleagues’ conclusion that the trial court’s consideration of Barcroft’s post-Mmmda request for counsel as evidence of her sanity amounts to fundamental error. I -write separately to address an issue that I believe this conclusion compels us to address: did Bar-croft prove by a preponderance of the evidence that she was insane?
[30] Barcroft has raised two issues on appeal. First, Barcroft argues that the trial court erred in rejecting her claim of insanity. Second, Barcroft argues that the trial court’s reliance on her post-Miranda request for counsel as evidence of her sanity was fundamental error. Finding the second issue dispositive, the Majority declines to address the first. I disagree that the second issue is fully dispositive of the case before us. Regardless of what wé decide about her post-Miranda request for counsel, if Barcroft prevails on her argument that she successfully established that she was insane at the time of the offense, she is entitled to the entry of a verdict of not responsible by reason of insanity and not subject to retrial. See Galloway v. State, 938 N.E.2d 699, 708 (Ind.2010) (explaining that “[a] successful insanity defense results in the defendant being found not responsible by reason of insanity”). See also Ind.Code Ann. § 35-36-2-3 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly).
[31] Because I write separately, I will not delve into the full analysis of Barcroft’s claim that she proved her insanity by a preponderance of the evidence. It suffices to say that the trial court’s conclusion that Barcroft had not proved by a preponderance of the evidence that she was unable to appreciate the wrongfulness of her actions was not clear error. See Thompson v. State, 804 N.E.2d 1146, 1149 (Ind.2004) (explaining that “[a] convicted defendant who claims his insanity defense should have prevailed at trial is in the position of one appealing from a negative judgment, and we will reverse only when the evidence is without conflict and leads only to the conclusion that the defendant was in *648 sane when the crime was committed”). Although the three expert witnesses testified unanimously that Barcroft was insane, our Supreme Court has held that expert testimony is merely advisory and the fact-finder is free to disregard it. See Galloway v. State, 938 N.E.2d 699. In this case, the trial court, acting as the finder of fact, relied on Barcroft’s demeanor before and after the offense as well as her statement to Detective Mitchell to determine that she was able to appreciate the wrongfulness of her conduct. Id. at 712 (explaining that “[e]ven where there is no conflict among the experts and the lay witnesses, a finding that a defendant was sane at the time of the crime still may be sustained by probative demeanor evidence from which-a conflicting inference of sanity may be drawn”). Barcroft’s arguments with respect to the import of her demeanor and statement amount to requests to reweigh the evidence and draw inferences that she deems more reasonable than those drawn by the trial court. See Fernbach v. State, 954 N.E.2d 1080, 1085 (Ind.Ct.App.2011) (explaining that “[o]n appeal, we will not reweigh evidence, reassess witness credibility, or disturb reasonable inferences made by the trier of fact, even though ‘more reasonable’ inferences might have been made” (citation omitted)). Based on the evidence presented, I cannot conclude that the trial court’s inferences were unreasonable or that its ultimate finding that Barcroft, although mentally ill, was able to appreciate the wrongfulness of her conduct was clearly erroneous. Subject to my view that we should address the issue concerning the preponderance of the evidence of Barcroft’s insanity, I concur with the majority that the use of her ipost-Miranda request for counsel was fundamental error.